United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Kevin J. Dillard, Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Civil Action No. 23-22423-Civ-Scola |
| Geo Care Treasure Coast Forensic | ) |
| Treatment Center, Defendant. | ) |

**Order Granting Motion to Dismiss**

     Kevin Jerome Dillard, proceeding pro se, filed this lawsuit against Geo Care/Treasure Coast Forensic Treatment Center (the "Treatment Center"), complaining that his civil rights were violated when he was wrongfully committed at the Treatment Center and illegally injected with anti-psychotic medications and air, both against his will.[1] (Compl., ECF No. 1.) In his complaint he sets forth three claims under 42 U.S.C. § 1983: a civil rights claim under the Eighth Amendment (count one); and two civil rights claims under the Fourteenth Amendment (counts two and three). In response, the Treatment Center has filed a motion to dismiss, arguing, among other things, that Dillard's claims are time barred. (Def.'s Am. Mot., ECF No. 14-7.) Dillard's opposition to the motion does not dispute that his claims are time barred. (Pl.'s Resp., ECF No. 15.) The Treatment Center has timely replied to Dillard's response (Def.'s Reply, ECF No. 16) and the motion is ripe for the Court's determination. After review, the Court finds Dillard's allegations plainly show that his claims are time barred and therefore **grants** the Treatment Center's motion to dismiss (**ECF No. 14**).

     In his complaint, Dillard sets forth various grievances about mistreatment he says he suffered in 2014 while being held against his will at the Treatment Center.[2] He says that in August 2014 he was transferred from the West Palm Beach County Jail to the Treatment Center. (Compl. at 2.)

---

[1] Within the body of his complaint, Dillard identifies various staff members of the Treatment Center: a head nurse, a psychologist, and a psychiatrist. However, in the caption of his complaint, Dillard lists only the Treatment Center as a defendant. Similarly, in his civil cover sheet (ECF No. 1-2), he doesn't list any of these individuals as defendants. Nor is there any indication on the docket that any of these staff members have been served. Accordingly, the Court assumes the only defendant in this case is the Treatment Center.

[2] The Court accepts the complaint's factual allegations as true for the purposes of evaluating the Treatment Center's motion to dismiss. *Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997).

Although he told staffers at the Treatment Center that he had been misdiagnosed, he was nonetheless held there for months. (*Id.* at 2–3.) Additionally, according to Dillard, in October 2014, a psychiatrist from the Treatment Center falsely testified during a court proceeding which resulted in Dillard's being forcibly medicated pursuant to a court order. (*Id.* at 3.) Then, in December 2014, staffers at the Treatment Center "forcefully injected" Dillard with two vials, one filled with antipsychotics and another with pure air. (*Id.* at 2.)[3]

The events that Dillard complains of occurred some nine years ago. As has previously been explained to Dillard, in an earlier-filed case before this Court (Case No. 23cv14004-RNS, ECF No. 6), unless some exception applies, the statute of limitations, within which Dillard should have brought his claims, has long since expired. While § 1983, under which Dillard has lodged all three counts in his complaint, does not itself provide for a statute of limitations, it has been established that "a plaintiff must commence a § 1983 claim arising in Florida within four years of the allegedly unconstitutional or otherwise illegal act." *McGroarty v. Swearingen*, 977 F.3d 1302, 1307 (11th Cir. 2020). Accordingly, because Dillard's injuries were incurred in 2014, and he did not file this action until 2023, his complaint is untimely, regardless of its merit, unless an exception applies. Among these exceptions are the continuing-violation doctrine, the delayed-discovery doctrine, or equitable or statutory tolling. Dillard supplies no facts in his complaint that would establish one of these exceptions, or tolling mechanisms, nor does he present any argument in his response to the Treatment Center's motion to dismiss that would do so.

Although a "statute of limitations bar is an affirmative defense, and plaintiffs are not required to negate an affirmative defense in their complaint," a Rule 12(b)(6) dismissal on statute of limitations grounds may nonetheless be appropriate "if it is apparent from the face of the complaint that the claim is time-barred." *La Grasta v. First Union Sec., Inc.*, 358 F.3d 840, 845 (11th Cir. 2004) (cleaned up). Here, it is readily apparent from the face of the complaint that Dillard's claims are untimely. Further, even in the face of the Court's previous admonishments, as well as the Treatment Center's identification of the statute-of-limitations issue in its motion to dismiss, Dillard fails to present any argument or proffer any allegations that either the four-year state of limitations does not apply, has not expired, or should be tolled. As such, it

---

[3] Dillard also references a December 2023 date, but this appears to be a typographical error since it postdates the complaint itself.

appears that allowing Dillard the opportunity to amend his complaint would be futile.

Accordingly, the Court **grants** the Treatment Center's amended motion to dismiss (**ECF No. 14**), **dismissing Dillard's complaint** against the Treatment Center because it is time barred, but **without prejudice** to his seeking relief in another forum in which the time bar may not apply. On the other hand, the dismissal is **without leave to amend**, in this Court, based on futility.

The Clerk is directed to **close** this case and any pending motions are denied as moot.

**Done and ordered**, in Miami, Florida, on November 15, 2023.

Robert N. Scola, Jr.
United States District Judge

Copies vis U.S. mail to:
**Kevin J. Dillard**
1764 N.W. 48th Street
Miami, FL 33142